IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PETER POWDERHAM, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SYNERGY WORLDWIDE, INC., a Utah corporation, and NATURE'S SUNSHINE PRODUCTS, INC., a Utah corporation,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:08-cv-548 CW |

Now before the court is Defendants' motion to reconsider this court's Order of March 12, 2010 in which it denied summary judgment in favor of Defendants on Plaintiff Peter Powderham's breach of contract and breach of covenant of good faith and fair dealing claims. (Dkt. No. 42). Defendants move in the alternative to certify a question to the Utah Supreme Court. For the reasons explained below, that motion is DENIED.

Defendants argue that Utah would likely follow what they assert is the majority view and apply a subjective standard in assessing the validity of Mr. Powderham's claims. Defendants assert that the court erred by applying an objective test. Even if the court should have applied the subjective test, however, the court has already explained that it would have "reach[ed] the same conclusion if it were to apply the 'subjective' standard as qualified in the cases [the parties] rely upon in their arguments." (March 12 Order, Dkt. No. 41, at 12, n. 1.) The court made this statement because, as the court noted:

1

> Synergy also concedes that even under the subjective standard, the party's "dissatisfaction, to justify the discharge of the employee, must be real and not pretended, capricious, mercenary, or the result of a dishonest design." *Towson Univ. v. Conte*, 862 A.2d 941. 949 (Md. 2003). In other words, the dissatisfaction must not be "feign[ed]," but rather "honest[] and in good faith." *Id.*

(*Id.* at 11.) Starting at Page 13 of the March 12 Order, the court set forth the evidence from which it concluded that a reasonable jury might find that Defendants were merely feigning dissatisfaction with Mr. Powderham. This evidence included an email from Mr. Norman to Mr. Powderham and Mr. Powderham's alternative explanations for the items over which Defendants asserted dissatisfaction.

Because the court believes that the same result would have been appropriate under either test, Defendants' motion to reconsider is without merit. Moreover, this decision moots Defendants' motion to certify a question to the Utah Supreme Court.

As before, the parties are hereby directed to confer on a schedule for all remaining events. The parties shall submit their stipulated scheduling order (or if they cannot agree, their proposed orders) within 30 days of the filing of this Order.

DATED this 1st day of December, 2010.

BY THE COURT:

_____
Clark Waddoups
United States District Judge